T. Artimese Darling
PO Box 1679 No.3821
Sacramento CA 95812
916-316-7303
In Pro Per

**FILED**

AUG 1 1 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

T. ARTIMESE DARLING )   No. 2:17-CV 1670 GEB KJN PS
                    )
        Petitioner, )   PETITION FOR WRIT OF ERROR
                    )   *CORAM NOBIS OR CORAM VOBIS;* AND
    vs.             )   EXPUNGEMENT
                    )   28 U.S.C. §1651(a); 18 U.S.C. §3231;
MICHAEL JAMES POWELL, )
                    )
        Defendants. )
                    )   District Judge:
                    )

## WRIT OF ERROR

"In its construction [18 U.S.C.A. § 51] it is proper to apply the rule that criminal laws are to be construed strictly, and to bear in mind that other rule that a construction is to be avoided, if possible, that would render the law unconstitutional, or raise grave doubts thereabout. In view of these rules it is held that "citizen" means "citizen of the United States", and <u>not</u> person generally, nor citizen of a State; and that the "rights and privileges secured by the Constitution or laws of the United States" means those specially and validly secured thereby. Thus limited, this section has been enforced as constitutional." *POWE v. UNITED STATES, 109 F.2d 147 (5th Cir. 1940).*

## NATURE OF THE ACTION

Respectfully Your Honor, Pursuant to 28 U.S.C. §1651(a); Petitioner T. Artimese Darling

("Petitioner") ("Ms. Darling") hereby petitions and moves for a writ *of coram nobis* or *coram vobis* whichever may apply to vacate the Superior Court of California In and For the County of Placer ("tribunal") cases numbers S-FS-027753 and S-DR-0047636 to correct an error of the "most fundamental character" and prevent a manifest of injustice from occurring and continuing.

Petitioner, Respectfully seeks this Honorable court to vacate, expunge and destroy all records of case no. S-FS-027753 and case no. S-DR-0047636 including destruction of any and/or all records relating to Petitioner located in the statewide domestic violence record keeping systems including but <u>not</u> limited to, State of California law enforcement telecommunications system, NCIC Protection Order Files,("systems") maintained files by the Director and State Chief Information Officer, and any and/or all locations these records may otherwise be located, because there is a fundamental-miscarriage of justice of both Constitutional and fundamental rights, pursuant to 18 U.S.C. §3231.

## JURISDICTION

The First issue is "Convenience" and second issue is the "interest-of-justice" standard under 28 USCA 1406. The court has subject matter jurisdiction over this proceeding under the All Writs Act, 28 U.S.C. §1651(a) and under 18 U.S.C. §3231.

The court has jurisdiction under 28 U.S.C. § 1651(a). *See U.S. v. Morgan, 346 U.S. 502, 507, 74 S. Ct. 247 (1954); Ybarra v. U.S., 461 F.2d 1195, 1197 (9th Cir. 1972).*

"It is proper for this District Court to take Jurisdiction of any civil action authorized by law to be commenced by any person". See Title 28 Section 1343 (1)(2)(3)(4) . Jurisdiction is proper under Title 28 Sections 1332, 1335, 1357, 1441 and 1603.

## VENUE

The federal courts have subject matter jurisdiction over the constitutionality of state child custody actions. The constitutional validity of child custody decisions are quite often, actually, litigated within the federal courts. See, e.g., *Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 2000).*

"Parents have a fundamental right to the custody of their children, and the deprivation of that right effects a cognizable injury, *Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397, 71 L. Ed. 2d 599 (1982).*"

## STATEMENT OF FACTS

<u>STATE OF MICHIGAN IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE FAMILY DIVISION "*COURT OF RECORD*" ADJUDICATED MS. DARLING'S MARRIAGE DISSOLVING AND ENTERING JUDGMENT NOVEMBER 5, 2010 ("Michigan Judgment")</u>

1. Ms. Darling chose to divorce, in an order that processed a peaceful, lawful separation of parties and involved assets and debts, as well as compelling execution of necessary instruments to effect these goals, because civil court process is constitutionally allowed between *non-blood* relationships, effectively giving Ms. Darling and the children's father 50/50 joint child custody and that each parent *shall* be directly providing for the support of their two minor children.

2. On April 7, 2014, person of department of child support services ("DCSS") Felcia Maupin acting of her own will or instructed submitted an invalid out of state registration. On July 18, 2014, David Rutz attorney of DCSS acting of his own will or instructed submitted and was granted modifications for the invalid registration.

3. At the hearing held on August 27, 2014, Ms. Darling unconstitutionally reclassified as an utterly fictitious "noncustodial" parent by the state of California, vis-à-vis the same tribunal court system and its' various officers, in apparently willful defiance of the Constitution arbitrarily and capriciously. Unilaterally *removing and/or terminating* her custody rights, and issuing and executing all secondary forms of likewise unconstitutional actions, including financial (Property rights) issues. Not limited to consolidating these matters into a denied domestic violence temporary restraining order ("dv/tro")case against Ms. Darling to change her from petitioner to defendant on April 22, 2015. <u>Not</u> a process in the course of judicial proceedings.

4. The Honorable Suzanne I. Gazzaniga ("Judge Gazzaniga") of her own will, obstinately seizing jurisdiction, commenced a contested trial on April 5th and April 19th of 2016, in a "court <u>not</u> of record" against Ms. Darling, making orders to enforce any state law statutory scheme entering onerous amounts of child support orders so DCSS could steal about one thousand ($1000) dollars a month directly from her paycheck.

5. Ms. Darling whom was <u>not</u> present for this illegitimate trial and was sent orders it's orders on May 6, 2016. Where as Judge Gazzaniga states; *"...of the second day of trial, however, she[Ms. Darling] left the proceedings before noon on the 19th and did <u>not</u> return.."*

6. On September 15, 2016, Judge Gazzaniga of her own will granted a dv/tro against Ms. Darling removing, modifying or otherwise altering or interfering with, the *direct blood relationship* between natural mother Ms. Darling and her two natural children, having no legitimate claim over this parent-child relationship, because such claims, of course are <u>not</u> created by the Constitution.

7. On February 14, 2017, Judge Suzanne I. Gazzaniga submitted notice of self disqualification pursuant Civil Code of Procedure section 170.

8. At the end of February 2017 Ms. Darling's has zero income and zero disposable income.

9. On June 16, 2016 DCSS files an affidavit for contempt alleging debt of one thousand ($1000) dollars a month since they can no longer steal wages directly from Ms. Darling's paycheck. Commissioner Scott Harmon who was peremptory removed from the case issued the DCSS request for Jasin Essary attorney of DCSS on January 24, 2017.

## ARGUMENT

A. LAW

The All Writs Act is a United States federal statute, codified at 28 U.S.C. § 1651, which authorizes the United States federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Among other things, an alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

The writ of error Coram Nobis is a remedy intended to achieve justice when "errors of the most fundamental character" have occurred, rendering the proceeding itself irregular and invalid.

Having satisfied the four requirements to be entitled to coram nobis, including that (1) Petitioner has no other means of challenging this case (2) valid reason exist for <u>not</u> bringing this matter sooner (3) adverse consequences exist sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of most fundamental character.

- The Fourteenth Amendment Due Process Right
- The Fourteenth Amendment Fundamental Right
- The Sixth Amendment Right to Effective Assistance of Counsel
- The First Amendment Right False Statements of Fact

### 1. NO OTHER REASONABLE ALTERNATIVE IS AVAILABLE WHEN FACTS SUPPORTING MS. DARLING'S CLAIMS NO LONGER APPEAR ON THE FACE OF THE RECORD

. Respectfully your Honor, no other reasonable alternative is available when facts supporting Ms. Darling's claims no longer appear on the face of the record. A writ of error coram vobis or coram nobis apply where the error does not appear in the record, no other remedy is available and the issue involved has not been previously determined. (Los Angeles Airways, Inc. v. Hughes Tool Co., supra, at p. 9.). The denial of Ms. Darling's dismissal issued by the Honorable Kimberly J. Mueller ("Judge Mueller") on August 3, 2017 supports the fact for writ of error.

On August 9, 2017, a hearing was held in a Sacramento county trial court for enforcement of; Ms. Darling's registered custody orders and majority timeshare of said "parenting time"/"visitation" beyond basic 50/50 until her missing full half is entirely restored, Full faith and credit, and the liberty protected by the Due Process Clause affording Ms. Darling and her children's protection against unwarranted government interference. However, the Honorable Ernest Sawtelle ("Judge Sawtelle") acting of his own will, rejected Ms. Darling's constitutional claims of her parent-child relationship stating (1) she did not give any citations, or (2) Supreme Court case law ,and (3) due process does not protect her parent-child relationship, it only ensues the hearing was fair when the relationship was severed. He refused to accept Judge Gazzaniga's self-disqualification notice, therefore it can be assumed Judge Sawtelle willfully and knowingly denied Ms Darling and her children due process.

This is a direct denial of "due process", and is an inappropriate act by the tribunal and Sacramento trial courts demonstrating bias and a disinterest for truth. There is a genuine need for this Honorable court to step in and enforce the various constitutional provisions, protections, and other due process guarantees, especially when the tribunal is flagrantly involved in fraudulent actions against the well established rights and due process procedures.

### 2. A VALID REASON EXISTS WHY MS. DARLING COULD NOT BRING AN EARLIER CHALLENGE IN AS MUCH AS NOT UNDERSTANDING THIS CASE WAS PRECEDED ANY FUNDAMENTALLY FAIR HEARING

A valid reason exist why Ms. Darling could not bring an earlier challenge in as much not understanding that this case was preceded any fundamentally fair hearing, infested with less than truthful acts, and multitudinous false statements of fact that have stripped Ms. Darling of the ability to earn wages, and pulled her children them from security, and warmth of a safe place into the darkness of unchallengeable government power and misused power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state. This is irreparable harm, and it can be assumed this is action taken under "color of state law." *(Atkins v. Lanning, 415 F. Supp. 186, 188)*.

Confused by bogus decisions, trials, and orders plotted shutting her out any opportunity of a reply, objection, cloaked within the tribunal. The decorum of tribunal and trial courts of this District may have been replaced by defective impromptu processes and usurpation of legislative and court powers, in need of restructuring. How is a pro per litigant suppose to understand, this degree of no accountability. Assuming jurisdiction in this manner has no proper subject matter, no control or legitimate authority. *Hebert v Louisiana, 272 US 312, 47 S Ct 103*.

This sort of abusive government conduct is the purpose the Due Process Clause was designed to prevent. *Davidson v. Cannon, 474 US 344 - Supreme Court 1986*.

3. MS. DARLING CONTINUES TO SUFFER ADVERSE CONSEQUENCES WHEN GOVERNMENT INTRUSIONS THREATEN TO OR RESTRAIN HER BY FORCE SATISFY THE CASE AND CONTROVERSY REQUIREMENT OF ARTICLE III.

Ms. Darling continues to suffer adverse consequences when government intrusion threaten to or restrain her: (1) by force, threat of force or bodily restraint (2) right to contract or not (3) by interfering on her parent-child relationships and family choice living arrangements (4) from engaging in any choice of a common occupations of life. As a direct result Ms.Darling is prevented from being able to pay her bills, save her car, or earn wages. Government has intruded with her normal standard of living.

*Forcing* eleven (11) months or longer of clear separation of Ms. Darling's right to her *own direct flesh and blood* which is the second oldest fully recognized right in all of human existence, second only the individual self-preservation right to life itself. "We recognize that the forced

separation of parent from child, even for a short time, represents a serious infringement upon both the parents' and child's rights." *Wooley v. City of Baton Rouge, 211 F.3d 913, 923 (5th Cir. 2000).*

*First the Court held* that the Due Process Clause of the Fourteenth Amendment does <u>not</u> require a state or local governmental entity to protect its citizens from "private violence". It is once a state learns that a particular child is in danger of abuse from *third parties* and actually undertakes to protect them from that danger, a "special relationship" arises between the violence and the child which imposes an affirmative constitutional duty for the state to provide adequate protection. 812 F. 2d, at 303-304. *Second, the court held*, in reliance on that decision in Martinez v. California, 444 U. S. 277, 285 (1980). "

The dv/tro issued against Ms. Darling is VOID on it's face for lack or want of jurisdiction, But nothing in the language of the Due Process Clause itself requires the state to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the tribunal's power to act, <u>not</u> as a guarantee of certain minimal levels of safety and security. In fact it forbids the tribunal itself to deprive individuals of life, liberty, or property without "due process of law," Therefore even though Ms. Darling was <u>not</u> present for a dv/tro hearing the Due Process Clause did <u>not</u> require the tribunal to provide a particular citizen with particular protective services, and it follows that the tribunal <u>shall not</u>, therefore protections of private citizens is <u>not</u> enforced in the name of the Constitution. See *Babcock v. CITY OF CONNEAUT, 2010.*

Nevertheless if all necessary parties were summonsed, and if the law of the land was obeyed as obligated by oath, "due process" would have discovered that fact.

Whereas the dv/tro order states;

"...*The custody and visitation orders in this form remain in effect after the restraining orders on Form DV-130 end*...

It may be assumed the tribunal's blatant acts to convolute jurisdiction issues and enter a baseless dv/tro to permanently sever Ms. Darling's constitutionally-guaranteed *retention* of her natural child custody rights, conclusively demonstrates legal professionals conspiring within this instant tribunal state case for title IV-D profits.

It is clear the origination of child support orders to "felony rescue" any and/or all enforcement of these child support orders has created an intertwining network of judges and courts of the same County collectively, knowingly, willfully and intentionally defrauding when absolutely precluded by law to hear or address any matters in which the same judge has either a direct or indirect pecuniary interest, and that includes having a business and/or other working relationship with any beneficiary to any such pecuniary interests such as attorney(s) of DCSS cases, i.e., not only as to this County itself, but also as to any judges and attorneys of the County, as fellow court officers, and each *already* well knew better (i.e., "knew or reasonably should have known" as of course the well-established legal standard). The Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing [its] power, or employing it as an instrument of oppression," *Davidson v. Cannon, supra, at 348; see also Daniels v. Williams, supra, at 331.* ("to secure the individual from the arbitrary exercise of the powers of government,"; *Parratt v. Taylor, 451 U. S. 527, 549 (1981) (Powell, J., concurring in result).*

"An examination of Article III, Barber makes clear that the Constitution does <u>not</u> exclude domestic relations cases from the jurisdiction otherwise granted by statute to the federal courts." Ankebrandt v. Richards, 504 U.S. 689, 700 (1992)(emphasis added).

4. THE ERROR IS OF THE MOST FUNDAMENTAL CHARACTER WHEN THE SUPREME COURT HAS SET THE FRAMEWORK FOR EXAMINING FULL FAITH AND CREDIT ISSUES FOR SISTER-STATE DIVORE DECREES

The error is of the most fundamental character when the Supreme Court has set the framework for examining domicile, jurisdiction, and full faith and credit issues for recognizing sister state divorce decrees. Article VI Supremacy Clause requires state courts must follow federal law and Constitution takes precedence over federal laws, treaties, and state laws.

It's well-established, superior child custodial rights in full force, requires the State of California would *FIRST* prove "unfitness" by clear and convincing evidence performed under full due process procedures, including that parent's right to invoke trial by jury upon the same finding too *seriously* unfit to continue retaining the same such pre-existing, already fully vested legal and physical custodial rights that Ms. Darling has to her own minor children,

## B. VACATING THIS CASE IS FUNDAMENTAL WHEN CONSTITUTIONAL OR FUNDAMENTAL RIGHT IS INVOLVED

It is the judicial tribunal's affirmative act of restraining Ms. Darling's freedom to act on her own behalf—through forced family separation, intrusion on family affairs, incarceration, force, or threat of force, not applying Full Faith and Credit, or other similar restraints of personal liberty—which is the deprivation. *DeShaney v. Winnebago County Dept. of Social Servs., 489 US 189 - Supreme Court 1989.*

It is well settled that a temporary, nonfinal deprivation of property is nonetheless a "deprivation" in the terms of the Fourteenth Amendment. The Court firmly held that these were deprivations of property that had to be preceded by a fair hearing. Sniadach v. Family Finance Corp., 395 U. S. 337; Bell v. Burson, 402 U. S. 535. "…

## C. EXPUNGEMENT

There is legal sufficiency to show Ms. Darling is entitled to relief under this writ of error. "The Complaint should not be dismissed unless it appears to a certainty that Plaintiffs would be entitled to no relief under any state of facts that could be proved in support of the claims". *See Gomez v Toledo (1980, US) 64 L Ed 2d 572, 100 S Ct 1920.*

The tribunal's actions, epitomize the very problem of the courts, that have brought Ms. Darling to this extraordinary action at law. A grotesque moral turpitude with a litany of other intertwined matters due to all the underlying wrongdoing by judicial tribunals and adverse parties as acting in concert with other state actors by and through the substantive "conspiracy" elements in pending availability via Section 1983 and other authorities. Appearing of total disregard for oath of office under Title 28 Section 453. *Lugar v Edmondson Oil, 457 US 922, 102 S Ct 2744.* Unashamedly they continue waiving "public policy enabling Ms. Darling from being afforded any fair adversary proceeding in which fully to present her case." (Mullen v. Department of Real Estate (1988) 204 Cal. App. 3d 295, 301 [251 Cal. Rptr. 12], citations and internal quotation marks omitted.) [16 Cal. App. 4th 941]

The purpose of *Due Process* is to protect the people from the State, not to ensure that the

State protected them from each other.

## EXHAUSTION OF REMEDIES

A Federal Court will grant Coram Nobis relief only if "no other remedy is available and sound reason exists for failure to seek appropriate relief." U.S. ex rel. Gomori v. Maroney, 196 F. Supp. 190, 191 (W.D. Pa. 1961).

Ms. Darling's motions to void, vacate, cease and desist, and dismiss falsified child support debts, set-aside, etc. It appears to have fallen on a discriminatory and prejudiced justice system.

On December 19, 2016, Ms. Darling retained a lawyer Mr. David Karabinus to set-aside and dismiss the dv/tro. However, the lawyer served the protected party by mail instead of personally serving him as the law requires, her set-aside was of course denied. It appears that Ms. Darling was fraudulently prevented from presenting her claim or defense in the prior action. It is reasonable to assume the lawyer is acting in conspiracy with state actors under color of law and have become state actors in this case.

## PRAYER FOR RELIEF

Petitioner, T. Artimese Darling, prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter (2) Grant Petitioner a writ of Coram Nobis/Vobis (3) expunge and destroy any and all domestic violence records located within the systems (4) Majority timeshare of said "parenting time"/"visitation" beyond basic 50/50, until my missing full half is entirely restored (5) grant in forma pauperis (6) full restoral and/or to other sufficient remedies for the clearly unconstitutional takings of monies and parenting time by these false statements of fact and fraudulent court (7) immediately remedy every violation of the federal Constitution and my directly associated rights and interests, and prays for all true and lawful relief proper within these premises.

## CONCLUSION

Ms. Darling of sovereign people, was brought by false statements of fact and fraud, before a tribunal under an act of a legislature creating a corporation, or creating and defining the franchise of a corporation, when no such authority without her consent being neither knowingly or willfully, and pretense of law, the tribunal acted under color of law and all the officers of that tribunal are subject to

collateral attack in a "Court of Record". Because <u>no</u> statutory or constitutional court can second guess the judgment of a "Court of Record". The Michigan jurisdiction is final and is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it. *SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)*.

    Ms. Darling is being unlawfully and directly subjected to a minimum of three (3) independent, clear constitutional causes of action by the tribunal, false deprivation of parent-child relationships without (any) due process (whatsoever), the additional constitutional infirmity of failing to use the clear and convincing evidentiary standard in all matters allegedly pertaining to any action prospecting to impact the custody of any one or more minor children, and the equally-as-clear constitutional violations regarding the manifestly express Title IV-D conflicts of interest of state judicial officers precluding their involvements.

    Federal laws do <u>not</u> countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint."  Therefore Ms. Darling is of the understanding her writ of error has proven this Honorable Courts jurisdiction for expungement.  Therefore if the court has made a judicial determination that a reasonable judge or jury would have imposed the same unwarranted state usurpation, and severing of Ms. Darling's parent-child bond, she requires translation of any; citation of law or procedure into plain English, for full disclosure.

    Respectfully, Your Honor, give me my children back.  They have been used by the system as collateral to rage war against my family's human lives for Title IV-D money, power and evil, I have been a unwilling participant, and DCSS has been drowning my daughters and I in this sewerage of power, oppression, and thievery from criminals who get away because they wear suits and ties and corrupt the court maybe this has made them untouchable.  The crush public trust in the government.  I lost a career over this invasion of government.  This needs to stop immediately, though my full opinion doesn't matter, just bring my children home, immediately.

Respectfully Submitted,

DATE: 8-11-17

BY: _____

T.A. Darling Pro Per

- 11 -
PETITION FOR WRIT OF ERROR