UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMERY DARLING,

        Plaintiff,

  v.

MICHAEL POWELL,

        Defendant.

No. 2:17-cv-01670-GEB-KJN (PS)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff Tomery Artimese Darling, who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, plaintiff "petitions and moves for a writ of *coram nobis* or *coram vobis* whichever may apply to vacate the Superior Court of California In and For the County of Placer ('tribunal') cases numbers S-FS-027753 and S-DR-0047636 to correct an error of the 'most fundamental character' and prevent a manifest of injustice from occurring and continuing." (ECF No. 1 at 2.) Plaintiff erroneously named her ex-husband as defendant, who has no authority over state court rulings, rather than Placer County Superior Court.

Construing this complaint liberally, plaintiff appears to request prospective relief from the state court, regarding child custody rulings. However, it would be inappropriate for a federal court to interfere in a pending family law matter. See Coats v. Woods, 819 F.2d 236, 237 (9th

Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court). Family law disputes are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, which often involve continued judicial supervision by the state. Coats, 819 F.2d at 237. If plaintiff truly believes that the superior court judge's orders were erroneous, the proper recourse is appeal of those orders in the state appellate courts—not the filing of a new action in federal court.

Moreover, this matter is related to numerous other cases filed by either plaintiff or defendant in the United States District Court for the Eastern District of California. See Powell v. Darling, 2:16-CV-1047 MCE CKD (closed); Powell et al. v. Department of Child Support Services et al., 2:16-CV-1197 TLN GGH (closed), Powell v. Darling, 2:17-CV-392 KJM DB (closed); Powell v. Darling, 2:17-CV-1035 KJM CKD (closed); Darling v. Powell, 2:17-CV-1692 TLN EFB; Darling v. Gazzaniga et al., 2:17-CV-1697 JAM KJN; Darling v. Powell, 2:17-CV-1723 KJM EFB. All of these cases relate to state court family law proceedings between these two parties, and many of them have already been closed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

3

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: October 12, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ ps.17-1670.darlin v. powell.IFP dismissal